UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                                      *

GLENN HALL PORCELIAN            *     Case No.: 13-24381-JFS
BARBARA SOCLOF PORCELIAN               Chapter 13
          Debtors                      *

*     *     *     *     *     *     *     *     *     *     *     *     *

GLENN HALL PORCELIAN            *
BARBARA SOCLOF PORCELIAN
          Plaintiff,                   *
                                             Adversary Proc. No.:
vs.                                    *

SUNTRUST MORTGAGE, INC          *

                                       *

          Defendant                    *

*     *     *     *     *     *     *     *     *     *     *     *     *

**Complaint Seeking Damages in Core Adversary Proceeding**

## Introduction

1.      This is an action for actual and punitive damages filed by the debtor pursuant to §105(a) and §362 of the Bankruptcy Code; §3001 and§ 2016(a) of the Bankruptcy Rules; Breach of Contract pursuant to the Deed of Trust and pursuant to the Annotated Code of the Commercial Law Article §12-121/122.

## Jurisdiction and Venue

2.      Jurisdiction is conferred on this Court pursuant to the provisions of §1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to §1334 of Title 28 of the United States Code, §157(b)(2) of Title 28 of the United States Code.

4.      This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.     This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core preceding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6.     Venue lies in this District pursuant to §1391(b) of Title 28 of the United States Code.

## Parties

7.     The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 13-24381-JFS.

8.     The Defendant, Suntrust Mortgage, Inc., (Suntrust) is a National Bank engaged in the business of real estate mortgage lending and mortgage servicing with its principal place of business located at 900 E. Main Street, Richmond, VA 23219.  Suntrust has submitted itself to the jurisdiction of this case by filing one or more claims in this case.  The Plaintiff also alleges upon information and belief that Suntrust regularly services multiple residential mortgage loans in the State of Maryland.

## Factual Allegations

9.     On or about **September 18, 2007**, the Debtors executed a Deed of Trust in favor of Suntrust Mortgage, Inc. in the principal sum of $318,750.00, for the property located at 3023 Temple Gate, Baltimore City, MD. The Deed of Trust was recorded in Baltimore City, liber 10047 and folio 738. A copy of the Deed of Trust is attached hereto and marked as **Exhibit "A".**

10.    On or about **September 18, 2007**, the Debtors executed a Note with Suntrust Mortgage, Inc., the lender, and wherein they agreed to borrow the principal sum of $318,750.00. A copy of the Note is attached hereto and marked as **Exhibit "B".**

11.    That on July 19, 2012, Suntrusts' representatives filed an Order to Docket a foreclosure action in Baltimore City Circuit Court case # 24-O-12001472. This represents the only foreclosure action relative as to the debtors' residence that has been filed.

12.    On August 22, 2013, the Debtors filed a chapter 13 bankruptcy case number 13-2 4381 JFS.

13.    Suntrusts' representative, Shamilia Harrison, bankruptcy specialist, filed a sworn Proof of Claim in this case on November 22, 2013.  The Proof of Claim was alleged to be secured by a first Deed of Trust on the Plaintiff's residence.  The alleged balance owed on the secured debt was listed as $459,732.91 and allegedly included pre-petition arrears in the amount $112,089.11.  The Proof of Claim included (in part) the following purported itemization of the arrearage portion of the claim:

    a. property inspection fees of $11.00;
    b. Sales costs of $3,428.00; and

c. attorney fees of $5,640.00

A copy of the Proof of claim is attached hereto and marked as **Exhibit "C".**

14.     The property inspection fee of $11.00, that was billed after the present case was filed on November 14, 2013, located on page 9 of the proof of claim, is both a misdemeanor in the State of Maryland and a violation of Bankruptcy Code §362.

15.     The sales costs consist of 3 sets of foreclosure advertising publications costs of $951.00 total each time (billed on May 28, 2013, August 6, 2013 and September 17, 2013 respectively) located on defendant's proof of claim at page 9. Only one foreclosure action was filed and two foreclosures with advertisings were attempted, yet inexplicably 3 separate billings were presented. Further, the sale costs included 2 charges of $175.00 each (billed on May 28, 2013 and September 17, 2013 respectively). These were purportedly for auctioneer withdrawal fees and also located on defendant's proof of claim at page 9. Debtors counsel asserts the debtors should not be held liable for these withdrawal costs because there is no such liability provision allowable pursuant to the Deed of Trust.

16.     The attorney fees are excessive and unjustifiable. The only foreclosure against the debtors' residence, as previously stated, was filed on July 19, 2012. From that date until the filing of the present bankruptcy $4,400.00 of attorney fees were purportedly incurred by the defendant ($400 was purportedly incurred prior to this time period and $840.00 were purportedly incurred subsequent to this time period). Plaintiffs' counsel asserts these fees are excessive and not reasonable pursuant to the Deed of Trust.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF BANKRUPTCY SECTION 362**

17.     The allegations in paragraphs 1 through 16 of this complaint are realigned and incorporated herein by this reference.

18.     The Plaintiffs are informed and believe and therefore allege that the attempting to collect an inspection fee subsequent to the present bankruptcy filing by the Defendant constitute a gross violation of the stay provision as set forth in 11 U.S.C. §362.

19.     The Plaintiff s are informed and believe and therefore allege that the Defendant willfully attempted to take money post-filing by including inspection in the proof of claim.

20.     As a result of the above violation of 11 U.S.C. §362, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF BANKRUPTCY RULE 3001**

21.     The allegations in paragraphs 1 through 20 of this complaint are realigned and incorporated herein by this reference.

22.     The Plaintiff s are informed and believe and therefore allege that the actions of the Defendant constitute a gross violation of Bankruptcy Rule §3001 by misinforming the Court the Plaintiffs owed for illegal inspection fees; unjustifiable auctioneer advertising publications costs that never occurred, auctioneer fees that are not contractually justified and attorney fees that are not reasonable.

23.     As a result of the above violations of Bankruptcy Rule §3002.1 the defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees.

### THIRD CLAIM FOR RELIEF
### IMPROPER PAYMENT NOT AUTHORIZED BY DEED OF TRUST AND NOTE

24.     The allegations in paragraphs 1 through 23 of this complaint are realigned and incorporated herein by this reference.

25.     The Defendant attempted to collect for illegal inspection fees; unjustifiable auctioneer advertising publications costs that never occurred, auctioneer fees that are not contractually justified and attorney fees that are not reasonable through their proof of claim filed that are not in conformity with the terms of the subject Deed of Trust.

26.     As a result of the above violations, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

### FORTH CLAIM FOR RELIEF
### VIOLATION OF THE ANNOTATED CODE OF THE COMMERCIAL LAW ARTICLE
### SECTIONS 12-121 AND 12-122

27.     The allegations in paragraphs 1 through 26 of this complaint are realigned and incorporated herein by this reference.

28.     Defendant intentionally included in their proof of claim an inspection fee that is an illegal misdemeanor in the State of Maryland pursuant to the Annotated Code of Maryland sections 12-121 and 12-122.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

    A.     That the Plaintiffs shall recover against the Defendant for actual damages that in the discretion of this Court is deemed appropriate;

B.      That the Plaintiffs shall recover against the Defendant for statutory damages that in the discretion of the Court is deemed applicable;

C.      That the Plaintiffs shall recover against the Defendant for punitive damages that in the discretion of the Court is deemed appropriate;

D.      That the Plaintiffs shall recover against the Defendant all reasonable legal fees and expenses incurred by her attorney; and;

E.      That the Plaintiff has such other and further relief as the Court may deem just and proper.


Date:  Friday, December 27, 2013         /s/ Robert N. Grossbart, Esquire
                                              Robert N. Grossbart, Esquire (04116)
                                              Grossbart, Portney & Rosenberg, P.A.
                                                Blaustein Building, Suite 1214
                                              One North Charles Street
                                              Baltimore, Maryland 21201
                                              (410) 837-0590
                                              (410) 837-0085 (FAX)
                                              Email: Robert@grossbartlaw.com
                                              Attorney for Plaintiff


## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on December 27, 2013, a copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding was mailed first class mail, postage prepaid or delivered via CM/ECF to the following:

Office of the US Trustee
101 W. Lombard Street, 2nd Floor
Baltimore, MD 21201

Nancy Spencer Grigsby, Trustee
4201 Mitchellville Road, Suite 401
Bowie, MD 20716

Michael Cantrell, Esquire
312 Marshall Ave., Suite 800
Laurel, MD 20707

SunTrust Mortgage
PO Box 85092

Richmond, VA 23286

SunTrust Mortgage
900 E. Main Street
Richmond, VA 23219

CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 1660
Baltimore, MD 21202
Resident Agent

/s/ Robert N. Grossbart, Esquire
Robert N. Grossbart, Esq. (04116)